# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00255-CR

**Eli Blue Hernandez, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT
### NO. D-1-DC-10-206973, HONORABLE CLIFFORD BROWN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Appellant Eli Blue Hernandez filed a pro se notice of appeal from the district court's judgment adjudicating Hernandez guilty of the offense of cocaine possession. Hernandez's appellate brief was due in this Court on October 23, 2013. On November 18, 2013, we notified Hernandez that his brief was overdue and that, if this Court did not receive a satisfactory response from Hernandez on or before December 2, 2013, a hearing before the district court would be ordered. *See* Tex. R. App. P. 38.8(b). To date, no brief has been filed, nor have we received a response.

Accordingly, we abate the cause and remand it to the district court to hold a hearing in accordance with rule 38.8 of the rules of appellate procedure. Tex. R. App. P. 38.8(b)(2), (3). The district court shall hold a hearing immediately to determine whether appellant still wishes to prosecute his appeal and whether appellant is indigent. *See id*. If appellant still desires to appeal and is indigent, the district court should make appropriate orders to ensure that appellant is adequately

represented on appeal. *See id.* Following the hearing, the district court should order the appropriate supplemental clerk's and reporter's records to be prepared and forwarded to this Court no later than March 10, 2014.[1] *See id.*

Before Chief Justice Jones, Justices Pemberton and Rose

Abated

Filed:  February 6, 2014

Do Not Publish

---

[1]  We note that this cause has been previously abated due to a defective certification of Hernandez's right of appeal. *See Hernandez v. State*, No. 03-13-00255-CR, 2013 Tex. App. LEXIS 10660 (Tex. App.—Austin Aug. 23, 2013, no pet.) (per curiam) (not designated for publication). Prior to that abatement, Hernandez had filed various pro se motions with this Court, including a motion for appointment of counsel and a motion to proceed as indigent. Upon abating the appeal, we had dismissed those motions as moot. However, we instructed the district court that if it determined that Hernandez had a right of appeal, and it further determined that Hernandez was indigent, then it should appoint Hernandez counsel on appeal. We have now received an amended certification indicating that Hernandez has a right of appeal, but nothing indicating whether Hernandez is indigent and has been appointed counsel. If counsel is appointed to represent Hernandez on appeal, the district court shall include in the supplemental record the order appointing counsel.